IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Nick S., <br><br> *Plaintiff*, <br><br> v. <br><br> Frank J. Bisignano, <br> Commissioner of Social Security, <br><br> *Defendant*. | Case No. 3:23-cv-50432 <br><br> Honorable Michael F. Iasparro |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nick S. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying his applications for disability insurance benefits and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**BACKGROUND**

In November 2021, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income alleging a disability beginning on January 1, 2018 because of diabetes, depression, post-traumatic stress disorder ("PTSD"), anxiety, migraines, degenerative disc disease, high blood pressure, and agoraphobia. Dkts. 236, 241, 269. Plaintiff was 47 years old on his alleged onset date. Plaintiff's date last insured was September 30, 2022. Dkt. 16, 73.

Following a hearing, an administrative law judge ("ALJ") issued a decision in July 2023, finding that Plaintiff was not disabled. R. 17–36. The ALJ found that Plaintiff had the following severe impairments: depression, anxiety, agoraphobia, PTSD, degenerative disc disease, diabetes mellitus with peripheral neuropathy, degenerative joint disease of the right hip, left shoulder, and right ankle, and obesity. The ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions, along with the following non-exertional limitations: "simple routine tasks, with no interaction with the public and occasional interaction with co-workers and supervisors, with occasional changes in a routine work setting." R. 25. The ALJ determined that Plaintiff could perform his past relevant work as a motor vehicle assembler, as performed by Plaintiff, along with other light, unskilled jobs that existed in significant numbers in the national economy.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 8.

On October 13, 2023, the Appeals Council denied Plaintiff's request for review. R. 1. Plaintiff then filed the instant action seeking judicial review of the ALJ's decision. Dkts. 1, 6.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the ALJ's decision, arguing that the ALJ did not properly evaluate his mental impairments.[2] Specifically, Plaintiff argues that the ALJ failed to: (1) build a logical bridge to the determination that Plaintiff did not meet or equal Listings 12.04, 12.06, and/or 12.15; (2) seek clarification from the consultative examiner about his opinions; and (3) support the RFC determination. As discussed below, the Court finds that the ALJ's decision is supported by substantial evidence.

**I. Listings**

Plaintiff argues that the ALJ failed to support his determination that Plaintiff's mental impairments did not meet or equal a listing. Specifically, Plaintiff argues that when the ALJ found that Plaintiff's depression, anxiety, agoraphobia, and PTSD did not satisfy the paragraph B criteria for Listings 12.04, 12.06, and 12.15, the ALJ improperly cherry-picked mental status examination findings and ignored evidence in his favor.

The ALJ determined that Plaintiff's mental impairments resulted in moderate limitations

---

[2] Plaintiff does not challenge the ALJ's decision as it relates to his physical impairments. Accordingly, the Court will not address those impairments or the related RFC limitations in this decision.

in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace and a mild limitation in adapting or managing himself. R. 22–24. The ALJ found that because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the paragraph B criteria were not satisfied. R. 25. Plaintiff does not argue that he had marked or extreme limitations in any of the paragraph B criteria to qualify for a listing. Plaintiff also does not challenge the ALJ's reliance on the state agency psychologists' opinions in making these determinations, other than to point out that the psychologists found moderate limitations in all four areas of mental functioning. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (finding perfunctory and undeveloped arguments forfeited). Nevertheless, Plaintiff argues that a remand is warranted because the ALJ relied on only cherry-picked evidence from the record in making his decision.

As with most mental health disorders, the mental status examinations show both normal and abnormal findings throughout the relevant period. While Plaintiff does point to some records that were not specifically referenced by the ALJ, the ALJ was not required to address every piece of evidence in the record so long as the ALJ does not "simply cherry-pick facts supporting a finding of non-disability while ignoring evidence that points to a disability finding." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020). However, that is not what the ALJ did here.

Plaintiff argues that the ALJ improperly highlighted the records showing that Plaintiff's judgment, memory, mood, affect, and cognition were within normal limits because other records showed abnormal mental status finding, including a diminished emotional presentation, slow thought process, and dysthymic mood. But Plaintiff does not argue that the ALJ's recitation of the normal mental status examination findings were somehow inaccurate. And even within the records cited by Plaintiff showing a dysthymic mood and constricted affect, Plaintiff's thought process remained within normal limits. *See* Pl.'s Mot. at 8, Dkt. 20 (citing R. 609, 621).

Moreover, Plaintiff admits that the ALJ "acknowledged abnormal mental status findings" along with Plaintiff's subjective reports that he had difficulty remembering things, low energy and motivation, little social interaction, and difficulty concentrating. Pl.'s Mot. at 5, Dkt. 20. As such, Plaintiff is not arguing that the ALJ ignored a line of evidence in support of disability. *See, e.g., Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) (explaining that an ALJ does not engage in impermissible cherry-picking when he "specifically addresse[s] all the evidence that [the plaintiff] points out" but "d[oes] not assign the significance to it that [the plaintiff] prefers"). Instead, Plaintiff takes issue with the ALJ's decision to discredit his reports against the normal mental status findings and other activities of daily living, such as shopping, chores, and some socialization. But this is precisely what the ALJ must do when evaluating the evidence in the record. *See* 20 C.F.R. § 404.1529(c)(4) (stating that the ALJ is empowered to determine whether a claimant's subjective complaints are supported by medical evidence and, if not, the ALJ may discount the claimed degree and severity of the alleged symptoms). The ALJ determined that the abnormal findings and Plaintiff's self-reports simply did not support the severity of limitations he alleged. Plaintiff's argument amounts to a disagreement with how the ALJ weighed the evidence in an attempt to reweigh the evidence on appeal, which this Court cannot do. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Plaintiff also argues that the ALJ improperly characterized Plaintiff as having adequate

3

grooming, citing three records from December 2021 through January 2022 reporting that Plaintiff had poor grooming. Pl.'s Mot. at 8, Dkt. 20. But again, the ALJ did not ignore Plaintiff's reports of poor grooming. The ALJ acknowledged Plaintiff's testimony that he had not showered in over two months and that he wears the same clothes. However, the ALJ found that Plaintiff only had a mild limitation in adapting or managing oneself, citing two records from January 2022 that reported Plaintiff had adequate grooming and hygiene. R. 24 (citing R. 539, 830). The ALJ also cited to a similar record from July 2022 and the consultative examination from May 2023 that Plaintiff displayed adequate clothing and grooming. R. 24 (citing 740, 935). Plaintiff does not address the ALJ's reliance on these records or otherwise argue that the ALJ's reliance was unreasonable.

Plaintiff further argues that the ALJ ignored his binge eating disorder when considering the paragraph B criteria because he found it non-severe and therefore ignored it in his paragraph B discussion. Although Plaintiff does not challenge the ALJ's non-severe finding, he claims his "binge eating disorder is arguably relevant to the paragraph B criteria discussion. Plaintiff's binge eating impacted his functioning." Pl.'s Mot. at 10–11, Dkt. 20. In support, Plaintiff cites to records showing that Plaintiff had binge eating episodes 2–3 times a month and had issues eating balanced meals. As the Commissioner points out, the records Plaintiff cites do not show that his binge eating had any functional impact. "A mere diagnosis does not establish functional limitations, severe impairments, or an inability to work." *McReynolds v. Berryhill*, 341 F. Supp. 3d 869, 882 (N.D. Ill. 2018) (internal quotation omitted). In his reply, Plaintiff does not address the Commissioner's criticism, and he fails to cite or even explain how the medical evidence supports any additional functional limitations due to his eating disorder. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an opposing party's argument in a response brief results in forfeiture ). Plaintiff merely states, without record support, that the ALJ ignored how his eating disorder impacted "his mental health, his focus and potential absenteeism at work." Pl.'s Reply at 2, Dkt. 24; *see Richards v. Berryhill*, 743 F. App'x 26, 30 (7th Cir. 2018) (unpublished) ("[P]ointing to various diagnoses and complaints and saying that they might hinder [the claimant] is insufficient to establish the existence of a functional limitation.").

To warrant reversal, Plaintiff must show that the ALJ committed legal error or that his decision was not supported by substantial evidence. *See Gedatus*, 994 F.3d at 900. Contrary to Plaintiff's arguments, the ALJ did not ignore the evidence that Plaintiff points to on appeal. Instead, the ALJ simply found other evidence to be more persuasive when finding Plaintiff's functional limitations less severe than alleged. The ALJ had substantial evidence from which to conclude that Plaintiff was not disabled. Plaintiff may not agree with the significance the ALJ assigned to these mixed findings, but he "cannot prevail by arguing that the ALJ improperly weighed the evidence." *Reinaas*, 953 F.3d at 466. For all these reasons, Plaintiff has failed to show that the ALJ erred in his listing analysis.

**II. Conslutative Examiner**

Plaintiff argues that a remand is required because the ALJ failed to seek clarification from the consultative examiner about his opinions.

In May 2023, the consultative examiner opined that Plaintiff had mild limitations in

4

understanding, remembering, and carrying out simple instructions. R. 941. He also found moderate and marked limitations in Plaintiff's ability to understand, remember, and carry out complex instructions. *Id.* Plaintiff also had mild limitations in interacting appropriately with the public and moderate limitations interacting with supervisors and co-workers and responding to usual work situations and changes in routine work settings. R. 942. The consultative examiner explained that Plaintiff's PTSD made it difficult for him to function around people, noting that he "is often vigilant and weary [sic] of the motives of others and will have difficulty inspiring trust and working as a result of his emotional distress." *Id.* The ALJ found the consultative examiner's opinion generally persuasive, to the extent it supported no greater than a mild limitation in adapting and managing himself and moderate limitations in the remaining areas of mental functioning. R. 32–33. As a result, the ALJ included an RFC limitation of simple, routine tasks to account for Plaintiff's limitations in dealing with complex instructions and changes in his work settings. The ALJ found these limitations supported by the examiner's findings that Plaintiff completed his own activities of daily living and was independent in all areas, and despite reports of Plaintiff's slow thought process, moderately obsessive ideas and ruminative ideation, Plaintiff demonstrated adequate judgment, had intact memory, adequate concentration, persistence and pace, and was able to perform basic math computations at a quick pace. R. 33.

First, Plaintiff argues that a remand is required because the ALJ failed to request the consultative examiner's opinion on listing equivalency. In support, Plaintiff argues that because the consultative examiner said Plaintiff "was vigilant and wary of others with emotional distress he may very well have found that plaintiff met or equaled [a] listing and it is not clear why the ALJ did not send that portion of the questionnaire to [the consultative examiner]." Pl.'s Mot. at 11, Dkt. 20. Plaintiff merely speculates that the consultative examiner may find listing equivalency based on one sentence in his opinion. "Mere conjecture or speculation that additional evidence might have been obtained in [a] case is insufficient to warrant a remand." *Orienti v. Astrue*, 958 F. Supp. 2d 961, 974 (N.D. Ill. 2013) (quoting *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)); *see also White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999) ("Speculation is, of course, no substitute for evidence, and a decision based on speculation is not supported by substantial evidence."). Moreover, as the Commissioner points out, Plaintiff cites no authority that would require the ALJ to solicit the consultative examiner's opinion on listing equivalency. Plaintiff makes no attempt to address this deficiency in his reply, resulting in forfeiture. *See Crespo*, 824 F.3d at 674 (finding perfunctory and undeveloped arguments forfeited).

Next, Plaintiff argues that the consultative examiner's statement about Plaintiff being wary of others is internally inconsistent with the examiner's determination that Plaintiff had only a mild limitation in interacting with the public. Plaintiff claims it "is not clear how plaintiff would only have mild limitations in interacting with the public when he [is] vigilant [and] wary of the motives of others, and has emotional distress." Pl.'s Mot. at 10, Dkt. 20. Again, Plaintiff is speculating. But regardless, the ALJ's ultimate RFC limited Plaintiff to no interaction with the public. R. 25. So, any argument that the ALJ should have sought clarification on this opinion is harmless because it would not result in any further functional limitations.

### III. RFC

Plaintiff argues that the ALJ did not build a logical bridge to his determination that Plaintiff

would not require an off task or absenteeism limitation in the RFC. In support of an off-task limitation, Plaintiff points out that the ALJ found Plaintiff moderately limited in concentration, persistence, or maintaining pace. In support of an absenteeism limitation, Plaintiff states only that "the ALJ failed to consider the line of evidence regarding absenteeism as well as the corresponding RFC limitation." Pl.'s Mot. at 12, Dkt. 20. This is the extent of Plaintiff's argument.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Here, the ALJ said enough to ensure that he considered the totality of Plaintiff's limitations when formulating the RFC. The ALJ found that Plaintiff had severe mental impairments. In formulating Plaintiff's mental RFC, the ALJ evaluated the only medical opinions in the record addressing Plaintiff's functional limitations, namely the opinions from the state agency reviewing psychologists and the consultative examiner. These opinions did not include an off-task or absenteeism limitation.

"The ALJ needed only to include limitations in his RFC determination that were supported by the medical evidence and that the ALJ found to be credible." *Outlaw v. Astrue*, 412 Fed. App'x 894, 898 (7th Cir. 2011) (unpublished). The ALJ accounted for Plaintiff's mental impairments by including restrictions that limited Plaintiff to only "simple routine tasks, with no interaction with the public and occasional interaction with co-workers and supervisors, with occasional changes in a routine work setting." R. 25. Plaintiff does not challenge the ALJ's evaluation of the state agency physicians' opinions or argue that substantial evidence does not support the ALJ's reliance on those opinions in formulating the RFC. Plaintiff also does not successfully challenge the ALJ's reliance on the consultative examiner's opinion or cite any record evidence in support of his argument for these additional limitations. Plaintiff cites to *Lanigan v. Berryhill*, 865 F.3d 558 (7th Cir. 2017) for support, but to no avail. Unlike this case, in *Lanigan* the ALJ failed to explain why he rejected an opinion that supported the claimant's unrebutted account of serious difficulties in concentration that caused off-task time. Here, Plaintiff points to no such support for the limitations he proposes. As such, Plaintiff has not shown that the ALJ's RFC determination is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: November 17, 2025　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　Michael F. Iasparro
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge